[No. 15147.  Department One.  May 31, 1919.]

C. F. JOHNSON *et al., Appellants,* v. WESTERN EXPRESS COMPANY, *Respondent.*[1]

CARRIERS (32)—OF GOODS—LOSS—EVIDENCE—ADMISSIBILITY. In an action against an express company for a lost trunk and contents, left at a hotel and four months later directed to be delivered to the initial carrier by the hotel, the plaintiffs' evidence of the contents of the trunk at the time it was delivered to the hotel is inadmissible without proof that the trunk and contents delivered to the initial carrier was the same trunk and contents received by the hotel from the plaintiffs.

EVIDENCE (21) — PRESUMPTIONS. A presumption can be legally indulged in only when the facts giving rise to it are proved by direct evidence, not when they rest upon a presumption.

PLEADING (50, 56)—DENIALS—SUFFICIENCY—ADMISSIONS. The general issue as to the contents of a trunk is presented in an action to recover for a lost trunk and contents, alleged to have been delivered to the initial carrier by a hotel as agent of the plaintiffs, where

[1]Reported in 181 Pac. 693.

the answer admitted the delivery and transportation of one trunk consigned by the hotel to the plaintiffs, and denied all other allegations of the complaint describing the trunk and its contents; nor does a cross-complaint for a balance due on transportation charges on the trunk "referred to in plaintiffs' complaint," admit the allegations descriptive of the trunk and its contents.

CARRIERS (31, 32)—OF GOODS—LOSS—PLEADING AND EVIDENCE. In an action against an express company to recover for a lost trunk and contents, defendant's answer admitting that it received a trunk for plaintiffs, does not preclude the granting of a nonsuit, where no evidence was introduced as to its value.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 26, 1918, upon granting a nonsuit, dismissing an action for conversion, tried to the court. Affirmed.

*Christopher Jacobsen,* for appellants.

*C. H. Winders (Joseph C. Sherman,* of counsel), for respondent.

MITCHELL, J.—C. F. Johnson and wife by this action seek to recover damages for the loss of a trunk and its contents, of the alleged value of $1,498, which they claim respondent wrongfully converted by a sale thereof, thereby placing the same beyond recovery. At the trial to a jury, upon the conclusion of plaintiffs' proof, defendant challenged the sufficiency thereof, on the ground there was no evidence that the property mentioned in the complaint and referred to in the testimony was ever delivered to the defendant. The motion was granted and the cause dismissed. From the judgment of dismissal, plaintiffs appeal.

There is a large number of assignments of error, all of which, as appellants confess in their brief, go to the same point, namely, the ruling of the trial court rejecting all testimony offered as to the value of the trunk and its contents. In the latter part of October, or the first of November, 1913, appellants packed their

trunk at Regina, Saskatchewan, Canada, and took it with them to Winnipeg, Canada, where they remained about three weeks, having the trunk sent to their room at the hotel. The trunk was not opened at Winnipeg, from which place they went to Calgary, Alberta Province, Canada, taking the trunk with them, about December 1, 1913. Mrs. Johnson testified that, on arriving at Calgary, the trunk was delivered as they reached their hotel, and that she saw it placed in the public storeroom of the hotel, at which time she claims it was in the same condition it was after being packed and when they left Regina. No one who testified at the trial had seen the trunk since it was placed in the storage room of the hotel at Calgary. It was described by appellants as "roped with two or three strands of heavy rope around it both ways, and locked." After staying in Calgary about a week, appellants came indirectly to Seattle, arriving there about January 21, 1914, the trunk having been left in the storage room of the hotel at Calgary.

Mr. Johnson testified he wrote to Calgary, early in March, 1914, for the shipment of the trunk by express to Seattle, and that thereafter, expecting shipment, he called at the offices of all the express companies in Seattle, including respondent, first, on March 20, 1914, again on April 8, 1914, and a number of times thereafter within the next two years, at each of which calls he was informed there was no shipment for him. In reply to a letter from Mr. Johnson, the Dominion Express Company at Calgary, by letter dated July 11, 1916, advised him of the shipment to him of a trunk on March 23, 1914, and to inquire concerning it at this respondent's office in Seattle. Upon taking up the matter with respondent, records of its office were examined, and it was then found that a trunk consigned by the Queens Hotel at Calgary to C. F. Johnson, 2619

First avenue, Seattle, had arrived in Seattle on
March 26, 1914, in bond, and was delivered to the
United States customs appraiser's storeroom, and
that on that date respondent gave notice to appellant
by postal card, addressed 2619 First avenue; that,
after it passed the custom house, where it was ap-
praised at $5, respondent mailed a second notice to
appellant on May 1, 1914, and a third notice on
June 1, 1914, and that no reply was received to either
notice, nor either card returned as unclaimed; that
respondent sent the trunk out for delivery, after re-
ceiving it from the customs appraiser, and it was re-
turned to respondent's "on hand" room with the nota-
tion that the consignee was not located at the address
given on the shipment; that, on May 22, 1914, respond-
ent notified the shipper at Calgary of its receipt of
the shipment, that it could not be delivered, was not
called for, and that, if not accepted or instructions
given within thirty days, it would be sold for charges;
that the trunk had been disposed of at an "on hand"
sale in April, 1915, on account of being unclaimed, at
the price of $2; and that there was no record of the
purchaser and it could not be recovered. Appellants
were advised by respondent, in June and August of
1916, of such records in its office. At the trial, appel-
lants testified they never received either of the postal
card notices and that no attempt at delivery of the
trunk was made to their knowledge. On September 16,
1916, appellants presented to respondent a written
claim and demand for payment in the sum of $1,498
for the trunk and its contents, which being refused,
this action was brought.

At the trial it was proposed to have each of the ap-
pellants testify concerning the contents of the trunk
and their value. This was objected to unless it was
followed by proof that the trunk and contents were

delivered to the initial carrier at Calgary. Appellants not offering to comply, the objection was sustained. It is on this ruling and the consequent judgment of nonsuit appellants have argued the case here. They call attention to the rule in 16 Cyc. 1052, as follows:

"Proof of the existence at a particular time of a fact of a continuous nature gives rise to an inference, within logical limits, that it exists at a subsequent time";

or, as stated in *Ellis v. State,* 138 Wis. 513, 119 N. W. 1110, 131 Am. St. 1022, 20 L. R. A. (N. S.) 444:

"When the existence of a person, a personal relation, or state of things is once established by proof, the law presumes that the person, personal relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question."

With this general rule in mind, it is argued that, having shown the condition and delivery of the trunk, and that it contained their wearing apparel at the time they arrived at the Queens Hotel in Calgary, that respondent received a trunk with contents, consigned about four months later by the Queens Hotel in Calgary to appellant, C. F. Johnson, at Seattle, and that a trunk and contents thus shipped had been sold later by respondents, therefore, they were entitled to testify as to the contents of the trunk and their value.

The trouble is the applicability of the rule invoked. There is here a lack of evidence, not only as to the contents of the trunk, but of the appearance and condition of the trunk delivered to the initial carrier at Calgary and thence to respondent. Had someone connected with the hotel at Calgary testified that the trunk delivered to the initial carrier at that place was the same trunk received by the hotel for appellants about December 1, 1913, "roped with two or three

strands of heavy rope around it both ways, and locked''; or if the records of respondent showed that the trunk referred to by its records was ''roped with two or three strands of heavy rope around it both ways, and locked,'' there would be force in appellants' contention. But such is not the case. Here, we are not considering a case involving the rule of the transmission of goods by several connecting common carriers, upon proof showing the condition of the goods at the time of delivery to the initial common carrier or its agent, with the resultant presumption in favor of the owner declared by the policy of the law generally, but one in which the proof shows only the condition the goods were in and what they consisted of at the time of delivery to one not a carrier or its agent, but an agent of the owner some four months prior to delivery by such owner's agent to the initial carrier. It is not a case simply of the presumption that the final carrier received goods or goods in the same condition as those delivered to the initial carrier, but one which carries another presumption that the goods delivered to the owner's agent, not a carrier, were, after considerable time, delivered by that agent to the initial carrier in the same condition he had received them. It amounts to a presumption resting on a presumption, which is not permitted in the law, and is inconsistent with the presumption of continuity of condition spoken of in the rule relied on by appellants.

In 10 R. C. L., page 870, § 13, under the subject of evidence, it is said:

''It is a well-established rule that a presumption can be legally indulged only when the facts from which the presumption arises are proved by direct evidence, and that one presumption cannot be deduced from another. To hold that a fact inferred or presumed at once becomes an established fact, for the

purpose of serving as a base for a further inference or presumption, would be to spin out the chain of presumptions into the regions of the barest conjecture.''

And, by way of illustration, the same authority, citing *Manning v. John Hancock Mut. Life Ins. Co.*, 100 U. S. 693, says:

''Accordingly a presumption that insurance premiums have been paid over by insurance agents to the company cannot be based on a presumption that the premiums were paid to the agents; nor can the latter presumption be based on a presumption that certain policies did not lapse, or that they were renewed.''

Such was the condition of the proof that the trial court was right in the ruling complained of.

Appellants claim, however, the situation was relieved and the ruling erroneous, considering the pleadings. They contend respondent, by its answer and cross-complaint, in effect admits the receipt of the trunk and its contents as described in the complaint. But we do not so understand the pleadings. Without setting them out, it is sufficient to say that, after specifically admitting the Queens Hotel delivered to the Dominion Express Company at Calgary one trunk consigned to C. F. Johnson, 2619 First avenue, Seattle, which was transported by that express company and thence by respondent to Seattle, the respondent denied all the other allegations of the complaint describing the trunk and its contents, and also denied the alleged negligence of respondent in its failure to deliver the trunk. The general issue was presented as to the contents of the trunk, which was the principal cause of the controversy, for the value of the trunk itself was stated in the complaint to be $5. It is true that respondent, mindful of its obligation to the government as a common carrier to collect all transportation charges, further answered by way of cross-complaint

to recover a balance of $5.70 due by appellants over what it had received for the trunk and its contents at the "on hand" sale, and therein alleged it had received from the initial carrier, as the agent of appellants, one trunk forwarded by the Queens Hotel at Calgary and assumed transportation charges already accrued thereon, "being the trunk referred to in plaintiffs' complaint," but this allegation, construed with all other parts of the answer, clearly refers to the trunk itself that was shipped, and not its contents or the condition of the contents. Appellants were suing to recover for a trunk, among other things, consigned to them from Calgary, as to which respondent claimed it was entitled to $5.70 more for transportation charges; thus falling far short of any admission that it had ever received that trunk or its contents, claimed by appellants to have been packed by them at Regina with $1,498 worth of personal effects and later left by them at the Queens Hotel, Calgary.

Lastly, it is claimed a nonsuit should not have been granted because, respondent having admitted it received a trunk shipped to appellants from Calgary, they were entitled to recovery for its value; but there is no evidence in the record to show its value, nor was any offer made to show its value except in connection with its contents.

Finding no error in the record, the judgment is affirmed.

CHADWICK, C. J., MAIN, MACKINTOSH, and TOLMAN, JJ., concur.